Glenn O. THORNHILL,
Plaintiff-Appellee,

v.

DONNKENNY, INC.,
Defendant-Appellant.

Galax Apparel Corporation,
Defendant-Appellee,

and

Al Paris; Murray Nadler; Cummings & Carroll, P.C.; H.B. Carroll; DK Investors, Inc., Defendant,

v.

OPPENHEIMER & CO.; Oppenheimer & Co., Inc., Third Party Defendant.

Glenn O. THORNHILL,
Plaintiff-Appellant,

v.

DONNKENNY, INC.,
Defendant-Appellee,

and

Al Paris; Murray Nadler; Cummings & Carroll, P.C.; H.B. Carroll; Galax Apparel Corporation; DK Investors, Inc., Defendant,

v.

OPPENHEIMER & CO.; Oppenheimer & Co., Inc., Third Party Defendant.

Glenn O. THORNHILL,
Plaintiff-Appellee,

v.

DONNKENNY, INC.,
Defendant-Appellant,

Galax Apparel Corporation,
Defendant-Appellee,

and

Al PARIS; Murray Nadler; Cummings & Carroll, P.C.; H.B. Carroll; DK Investors, Inc., Defendant,

v.

OPPENHEIMER & CO.; Oppenheimer & Co., Inc. Third Party Defendant.

Glenn O. THORNHILL,
Plaintiff-Appellant,

v.

DONNKENNY, INC.,

Defendant-Appellee,

and

Al Paris; Murray Nadler; Cummings & Carroll, P.C.; H.B. Carroll; Galax Apparel Corporation; DK Investors, Inc., Defendant,

v.

OPPENHEIMER & CO.; Oppenheimer & Co., Inc., Third Party Defendant.

Nos. 86–3531, 86–3605 and 86–3606.

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1987.

Decided July 14, 1987.

Gerald A. Novack (Peter B. Fallon; Eric T. Schneiderman; Melissa A. Cohen; Barrett, Smith, Schapiro, Simon & Armstrong, New York City, S.D. Roberts Moore; Jane S. Glenn; Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for plaintiff-appellant.

William B. Poff (William P. Wallace, Jr.; Woods, Rogers & Hazelgrove; Roanoke, Va., John L. O'Donnell; Peter Aron; Robert L. Hoegle; Alan T. Gallantry; Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, on brief), for defendant-appellee.

Before PHILLIPS, WILKINSON and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

This is a suit brought in state court by an individual against his former employer. The action was removed to federal court on the basis of diversity of citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441. The plaintiff, Glenn O. Thornhill, and the defendant,

Donnkenny, Inc., appeal from different portions of a judgment entered after a jury trial by the United States District Court for the Western District of Virginia.

We affirm judgment in favor of plaintiff ("Thornhill") on both his breach of contract claim and the breach of fiduciary duty counterclaim of defendant ("Donnkenny, Inc."). However, we reverse the district court's denial of prejudgment interest on Thornhill's breach of contract claim. Thornhill is entitled to prejudgment interest in whatever amount is appropriate under New York law. We also reverse the district court's entry of judgment in Thornhill's favor on his "malicious termination" claim. We therefore affirm in part, reverse in part, and remand for the entry of an appropriate judgment. On remand the district court also shall dispose of Thornhill's stayed motion for attorneys' fees and expenses in whatever manner is appropriate and consistent with this opinion.

I

From January 1977 to August 1981, the period in issue in this action, Donnkenny, Inc. made clothing to be sold under its own and others' labels. Donnkenny, Inc. also contracted out both kinds of work in many instances.

Donnkenny, Inc.'s manufacturing facilities were located in western Virginia. Thornhill, a director and officer (Treasurer) of the corporation, was in immediate charge of the facilities. All other corporate directors and officers worked in the New York area.

In November 1978 Oppenheimer & Co. (a New York-based investment banking firm) and certain other institutional investors, through a holding company, purchased substantially all of the assets of Donnkenny, Inc. They took over the name and business of Donnkenny, Inc.

On November 30, 1978, Thornhill and four other members of Donnkenny, Inc.'s pre-acquisition management, including its President, Murray Nadler ("Nadler"), executed with the "new" corporation a "Partnership and Management Agreement." The agreement largely provided that the individuals would continue to manage the corporation.

On November 30, 1978, Donnkenny, Inc. also entered into employment contracts with Nadler and Thornhill. Nadler and the corporation executed a five-year contract keeping him in the post of President. Thornhill entered into a seven-year contract for his position as Treasurer.

Thornhill's contract provided in part that: [Thornhill] may continue his affiliation with such other business organizations with which he was affiliated at the time this Agreement was entered into. [Thornhill] agrees, however, not to engage in any new or other business or commercial activity, other than personal investment activities during the term of this Agreement. [Thornhill] further agrees that for a period of two years after the termination of his employment by the Company, he will not engage in any business or commercial activity, except those in which he was engaged at the date this Agreement was entered into, which competes either directly or indirectly with the Company.

At the time of the agreement, November 30, 1978, Thornhill or other management personnel had for many years contracted out work from Donnkenny, Inc. to clothing manufacturing facilities in which Thornhill or members of his family had ownership interests. Thornhill or others continued to contract out substantial amounts of work to those facilities after Thornhill entered into the employment contract. The other facilities also competed with Donnkenny, Inc. for some work for other labels.[1]

---

1. Thornhill apparently was engaged in business or commercial activity competing directly or indirectly with Donnkenny, Inc. as of the date of the employment agreement to the extent of his involvement or relationship with manufacturing facilities (owned in part by him or members of his family, including his son) which did work for, or competed with, the corporation. Donnkenny, Inc. contends that the employment agreement only authorizes Thornhill's "affiliation" with his son's uniform businesses ... because of inadequacies in disclosure by Thornhill. However, the corporation has not argued that anything in the contract's language renders

After the 1978 acquisition Thornhill and Nadler, who also had been a director of the corporation, remained on its Board of Directors, along with another member of Donnkenny, Inc.'s prior management, Executive Vice President Leslie A. Saul. The four remaining spots were filled by representatives of Oppenheimer & Co.

Donnkenny, Inc.'s financial status declined after 1978. In 1981 the corporation sought out new equity investors. Al Paris and two other persons agreed to purchase an equity interest and to become involved in the corporation's management.

On August 12, 1981, Al Paris and one of his co-investors replaced Nadler and Thornhill as members of the Board of Directors. Nadler and Thornhill also were replaced as President and Treasurer of the corporation on or about that date. Thornhill continued to manage Donnkenny, Inc.'s manufacturing facilities.

On August 31, 1981, Al Paris went to the manufacturing facilities and spoke with Thornhill. After an argument (that Al Paris may have deliberately instigated) Al Paris fired Thornhill.

Both before and after the 1978 takeover, Thornhill made some disclosure to other members of the Board of Directors and other officers of the corporation that he or other management personnel contracted out work to plants in which Thornhill or members of his family had ownership interests, and that those plants sometimes competed with the corporation. That is why Thornhill's employment contract contained an explicit provision permitting his continuing affiliation with other businesses.

Thornhill filed the instant suit in state court two days after he was fired. The case was removed to the United States District Court for the Western District of Virginia. Count I of Thornhill's Amended Complaint alleges breach of contract. Count II of the Amended Complaint alleges a conspiracy between Donnkenny, Inc. and other entities and persons to fire Thornhill without adequate cause. Count II alleges in part that Thornhill was fired maliciously. Thornhill pleaded no other claims. Donnkenny, Inc. filed a counterclaim against Thornhill for breach of fiduciary duty. Certain other businesses and persons were made parties to the litigation but the claims against them are not on appeal.

The action went to trial before a jury and was submitted on special verdicts. The jury found for Thornhill for breach of contract in the amount of $280,000. The jury found for Donnkenny, Inc. on Thornhill's conspiracy claim. The jury found for Thornhill for "malicious termination" in the amount of $1,000,000. The jury found for Thornhill on Donnkenny, Inc.'s breach of fiduciary duty counterclaim.

The district court entered judgment accordingly. The district court denied Donnkenny, Inc.'s motion for judgment n.o.v. or, alternatively, a new trial, on the breach of contract claim and the breach of fiduciary duty counterclaim. The district court denied Thornhill's motion for prejudgment interest on his breach of contract claim. The district court also denied Donnkenny, Inc.'s motion for judgment n.o.v. on Thornhill's "malicious termination" claim. Finally, the district court stayed Thornhill's motion for attorneys' fees and expenses pending resolution of the appeal.

II

Donnkenny, Inc. contends on appeal that it is entitled to judgment n.o.v. or, in the alternative, a new trial, on Thornhill's breach of contract claim and its breach of fiduciary duty counterclaim. Donnkenny, Inc. argues that it is entitled to judgment n.o.v. in both instances on the theory that Thornhill breached his fiduciary duty as a matter of law. Donnkenny, Inc. argues alternatively that it is entitled to a new trial on the claim and counterclaim either

inappropriate a description of Thornhill as "affiliated" with companies he had timely disclosed as having been given orders because Thornhill demonstrated no ownership, executive or employee position for himself but rather only for a

relative. The court therefore need not discuss the degree of interest in or relationship with a business necessary to constitute "affiliation" for purposes of the contract.

because the verdicts were against the clear weight of the evidence or because the jury was not properly instructed.

At various points the parties have argued that Virginia, Delaware or New York substantive law governs disposition of the claim and counterclaim in this diversity of citizenship action. We need not reach the issue at this point because it is clear that sufficient evidence was adduced by Thornhill to justify the verdicts in his favor on the claim and counterclaim whichever of these three states' laws applies.

Judgment n.o.v. may not be granted lightly. *Falwell v. Flynt*, 797 F.2d 1270, 1276 (4th Cir.1986) (upholding verdict for plaintiff) ("We may reverse a jury verdict only when there is a complete absence of facts to support the conclusions reached by the jury."), *cert. granted*, — U.S. —, 107 S.Ct. 1601, 94 L.Ed.2d 788 (1987). *Cf. Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 795 F.2d 329, 335 (4th Cir.1986) (upholding directed verdict for defendant) (mere scintilla of evidence is insufficient to defeat directed verdict motion; issue may only be submitted to jury when supported by substantial evidence which shows a probability and not a mere possibility of proof).

■ It is obvious that Thornhill adduced sufficient evidence to demonstrate that he and Donnkenny, Inc. were parties to a valid seven-year employment contract and that he was fired while that contract was in force. The only possible basis for judgment n.o.v. on the breach of contract claim is Donnkenny, Inc.'s breach of fiduciary duty defense.

We are satisfied that the evidence supporting Donnkenny, Inc.'s affirmative defense was not so overwhelming that we cannot uphold the jury's rejection of that defense. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2535 (1971 and Supp.1986). Thornhill, through his own testimony and that of Murray Nadler and others, adduced evidence that there had been some disclosure to other members of the corporation's Board of Directors, both before and after the 1978 acquisition, of the fact that Donnkenny, Inc. often contracted out work to plants in which Thornhill or members of his family had ownership interests, and that those plants competed with Donnkenny, Inc. for some work for other labels. Leslie A. Saul, who had served as an Executive Vice President of Donnkenny, Inc. and as a member of its Board of Directors after the 1978 takeover, testified that "everybody in the company" knew that work was contracted out to plants in which Thornhill or his family had ownership interests. Gene Nadler, who had served (based in New York) as liaison for the New York merchandising and sales office of Donnkenny, Inc. with the Virginia manufacturing facilities, testified that it was "hard to spend ten minutes with [Thornhill] before you knew he had outside plants." This and substantial other similar testimony was more than adequate to uphold the jury's verdict on the breach of contract claim against Donnkenny, Inc.'s request for judgment n.o.v.

That conclusion applies with equal force to Donnkenny, Inc.'s breach of fiduciary duty counterclaim. Donnkenny, Inc. concedes, as it must, that the evidence as to the merits of its contention that Thornhill breached his fiduciary duty is the same for both the claim and the counterclaim. Because Donnkenny, Inc. is not entitled to judgment n.o.v. on the breach of contract claim, its request for judgment n.o.v. on its counterclaim necessarily must be denied.

We also reject Donnkenny, Inc.'s contention that the jury's verdicts on the breach of contract claim and the breach of fiduciary duty counterclaim were so contrary to the evidence as to require a new trial. The district court rejected the argument. The authority to grant a new trial on that ground rests in the sound discretion of the district court. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980); *Lindner v. Durham Hosiery Mills, Inc.*, 761 F.2d 162, 168 (4th Cir.1985). Based upon our review of the record, we are unable to find that the district court abused its discretion. *See Lindner*, 761 F.2d at 168.

Finally, we reject Donnkenny, Inc.'s claim that the jury was not properly in-

structed as to Thornhill's breach of contract claim and Donnkenny, Inc.'s breach of fiduciary duty counterclaim. Donnkenny, Inc.'s argument is based on various excerpts from the district court's jury instructions. It is elementary that we must affirm "if the instructions, taken as a whole, fairly and adequately state the pertinent legal principles involved." *Spartanburg County School District Seven v. National Gypsum Co.,* 805 F.2d 1148, 1150 (4th Cir. 1986). *Accord Hogg's Oyster Co. v. United States,* 676 F.2d 1015, 1019 (4th Cir. 1982). We find that when the excerpts pointed to by Donnkenny, Inc. are viewed in context, and the charge is considered as a whole, it is apparent that the district court's instructions to the jury fairly and adequately stated the governing legal principles. Donnkenny, Inc. therefore is not entitled to a new trial on the basis of the jury charge.

Donnkenny, Inc. is entitled to neither judgment n.o.v. nor a new trial on Thornhill's breach of contract claim and its breach of fiduciary duty counterclaim. The district court's judgment on that claim and the counterclaim therefore is affirmed.

### III

The district court denied Thornhill's post-trial motion for prejudgment interest on his breach of contract claim and stayed his motion for attorneys' fees and expenses pending resolution of this appeal. The district court's reason for denying prejudgment interest is not stated in the record.

Donnkenny, Inc. does not deny that Thornhill is entitled, in the abstract, to prejudgment interest on his breach of contract claim. It argues instead that an award of prejudgment interest is barred here by Va.Code Ann. § 8.01–382 (1984), which provides that interest (apparently including prejudgment interest) may be awarded (and, by inference, may be denied) by the trier of fact. Donnkenny, Inc. argues that because the jury did not award prejudgment interest (and was not asked to), the district court could not award such interest.

This is a suit removed to federal court on the basis of diversity of citizenship jurisdiction. Virginia substantive law, including its conflicts of law rules, governs the disposition of the parties' claims. *Klaxon Co. v. Stentor Mfg. Co., Inc.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Virginia conflicts of law rules generally honor contractual choice of law provisions. *Bryant Elec. Co., Inc. v. City of Fredericksburg,* 762 F.2d 1192, 1196 n. 8 (4th Cir.1985).

On the merits, Donnkenny, Inc. argued that New York substantive law governed disposition of Thornhill's breach of contract claim because both the Partnership and Management Agreement and his employment contract contain New York choice of law provisions. On the record it appears that these choice of law provisions had sufficient basis to be enforceable in Virginia. However, if New York substantive law governs the breach of contract claim by virtue of Virginia's conflicts of law rules, we believe that Virginia would follow New York substantive law on the issue of prejudgment interest as well. *See Restatement (Second) Conflict of Laws* § 207 comment e (1971). Since Donnkenny, Inc. concedes that Thornhill is entitled to prejudgment interest under New York law, the district court erred in denying his motion for such interest.

We therefore reverse the district court's denial of Thornhill's motion for prejudgment interest on his breach of contract claim. On remand the district court shall enter judgment in Thornhill's favor for prejudgment interest in whatever amount it finds appropriate under New York law.

Thornhill's stayed motion for attorneys' fees and expenses is not before us. On remand the district court shall dispose of that motion in whatever manner is appropriate and consistent with this opinion.

### IV

Donnkenny, Inc. finally contends that it is entitled to judgment n.o.v. on Thornhill's "malicious termination" claim. As a tort claim, arising out of conduct that allegedly occurred primarily if not exclu-

sively in Virginia, it is the substantive law of that state which governs the claim.

 Thornhill's "malicious termination" claim was pleaded only in passing in the conspiracy count of his Amended Complaint. The jury returned a special verdict in Thornhill's favor on the claim as a "malicious termination" claim. However, it is clear that there is no such cause of action in tort under Virginia law. *A & E Supply Co., Inc. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669, 671–72 (4th Cir.1986); *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983). The district court's judgment in Thornhill's favor on his "malicious termination" claim therefore must be reversed.

Thornhill seeks to save that portion of the judgment on appeal by arguing that it was really a judgment in his favor for the intentional infliction of emotional distress. The argument is utterly unavailing. Even if, *arguendo*, he could have asserted that claim, he never pleaded such a tort, and the jury was never asked to find its elements.

The district court's judgment in Thornhill's favor for "malicious termination" is reversed. On remand the district court shall amend the judgment accordingly.

## V

We affirm judgment in favor of plaintiff Thornhill on both his breach of contract claim and the breach of fiduciary duty counterclaim of defendant Donnkenny, Inc. We reverse the district court's denial of prejudgment interest on Thornhill's breach of contract claim. Thornhill is entitled to prejudgment interest in whatever amount is appropriate under New York law. We also reverse the district court's entry of judgment in Thornhill's favor on his "malicious termination" claim. We therefore affirm in part, reverse in part, and remand for entry of an appropriate judgment. On remand the district court also shall dispose of Thornhill's stayed motion for attorneys' fees and expenses in whatever manner is appropriate and consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.