846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MCDEVITT & STREET COMPANY, INC., Plaintiff-Appellee,
v.
Charles H. SCHOOLS, James E. Stuckey, Defendants-Appellants,
and
Earth Movers, Inc., Alliance Development Corporation,
Michael Stuckey, Richard E. Stuckey, Defendants,
Pan American Financial Corporation, Defendant & Third Party
Plaintiff.
MCDEVITT & STREET COMPANY, INC., Plaintiff-Appellee,
v.
Charles H. SCHOOLS, James E. Stuckey, Defendants-Appellants,
and
Earth Movers, Inc., Alliance Development Corporation,
Michael Stuckey, Richard E. Stuckey, Defendants,
Pan American Financial Corporation, Defendant & Third Party Plaintiff.
 Nos. 87-1051, 87-1066.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided April 27, 1988.
 
 Charles H. Schools, James E. Stuckey, appellants pro se.
 Jeffrey Stuart Craigmile, Vernon Frederic Lyon, Lyon & McManus, for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 These consolidated appeals involve the liability of appellants Charles H. Schools and James E. Stuckey ["Schools and Stuckey"] on their bond as sureties to an agreement between appellee McDevitt & Street Company ["McDevitt & Street"] and Earth Movers, Incorporated ["EMI"]. McDevitt & Street, as general contractor, entered into a subcontract with EMI calling for EMI to perform certain excavation work in northern Virginia relating to the construction of a shopping plaza. The subcontract, dated August 27, 1985, included a "base" price of $1,483,086.00 and required that EMI secure payment and performance bonds. Prior to execution of the subcontract, EMI had entered into a surety agreement with Schools and Stuckey, as evidenced by performance and payment bonds, whereby Schools and Stuckey were to act as sureties to the contemplated contract between EMI and McDevitt & Street. The bonds, supplied by McDevitt & Street and executed on July 16, 1985, required that the date the bonds were executed "[m]ust be same or later than date of subcontract." However, in the blanks labeled "Subcontract Date/Subcontract No.", the parties entered "Proposal attached." Further, the bonds contemplated possible modifications in the contract between McDevitt & Street and EMI and waived notice to the sureties of such modifications.
 
 
 2
 Following default on the subcontract by EMI, McDevitt & Street attempted to collect from Schools and Stuckey on their bonds. Schools and Stuckey denied liability and McDevitt & Street instituted the present action against both EMI and Schools and Stuckey.
 
 
 3
 The evidence adduced at trial indicated the existence of the surety agreement between EMI and Schools and Stuckey, for which the latter had been compensated $100,000. However, Schools and Stuckey attempted to avoid liability by arguing at trial that no surety agreement arose because the subcontract was not in existence on the date the bonds were executed. Further, Schools and Stuckey presented evidence that the "proposal attached" to the bonds called for a $1.9 million dollar subcontract price, and not the $1.4 million dollar price ultimately agreed upon between EMI and McDevitt & Street, of which Schools and Stuckey claimed no knowledge until after the date of EMI's alleged default.
 
 
 4
 At trial, Schools and Stuckey attempted to introduce into evidence on the issue of damages suffered by McDevitt & Street a report authored by Phillip R. McDonald. McDonald had been hired by Schools and Stuckey to determine the amount of liability of each party to the subcontract. Although the district court refused to permit introduction of McDonald's report into evidence, the court allowed McDonald to testify extensively as to the subject matter of the report and to refer to the report to refresh his memory.
 
 
 5
 At the conclusion of the evidence, the court instructed the jury that, subject to an exception known as estoppel, noncompliance with the terms of the bond or a change from 1.9 million to 1.4 million dollars in the subcontract price would be a valid defense to liability on the part of Schools and Stuckey. However, the court also charged that even if the literal terms of the bond had not been complied with or if the original proposal had been for 1.9 million dollars, Schools and Stuckey would be estopped from denying liability under the bond if, with knowledge of the noncompliance and the 1.4 million dollar subcontract price, they caused McDevitt & Street to rely to its detriment on the existence of a 1.4 million dollar contract of suretyship. The court explained that the burden of proving estoppel was on the plaintiff, McDevitt & Street.
 
 
 6
 Commenting on the liability of EMI, the court stated that "there really is no question but that there has been a breach and that whether there was a breach by EMI really ought not to detain you long." However, the court prefaced this remark with a warning that it was the jury's "recollection" of the evidence that counted and that the jury was free to disregard the statement concerning EMI's liability.
 
 
 7
 The jury returned a verdict of $800,000.00 in favor of McDevitt & Street against EMI and Schools and Stuckey. Schools and Stuckey filed the instant appeal, to which EMI is not a party.
 
 
 8
 Acting pro se following the withdrawal of their counsel from the case, Schools and Stuckey raise the following contentions on appeal:
 
 
 9
 (1) the district court erred in refusing to admit Mr. McDonald's report;
 
 
 10
 (2) the verdict was excessive and unsupported by the evidence;
 
 
 11
 (3) the court erred in giving an estoppel instruction;
 
 
 12
 (4) the court improperly commented on the liability of EMI;
 
 
 13
 (5) the court failed to instruct the jury on the strict construction of surety agreements; and
 
 
 14
 (6) the court erred in not granting a motion for judgment notwithstanding the verdict or for a new trial.
 
 
 15
 We have reviewed each of these contentions and find them to be without merit. The issues are addressed seriatim.
 
 
 16
 The district court did not err in declining to admit Mr. McDonald's report into evidence. The report was hearsay and admission was not necessary to aid the jury in determining damages. Further, the court permitted McDonald to testify extensively as to the subject matter of the report and allowed use of the report to refresh his memory.
 
 
 17
 The $800,000 verdict was not excessive or contrary to the evidence. The evidence established that EMI breached its contract with McDevitt & Street and that the cost to complete the contract was $1,058,000.00.
 
 
 18
 Schools and Stuckey's primary contentions on appeal concern the propriety of jury instructions and comments made to the jury. We find no reversible error in the jury charge. The evidence justified an instruction on estoppel because the jury could reasonably have found that Schools and Stuckey retained the bond premiums for a period of time prior to EMI's breach, with knowledge that EMI's subcontract with McDevitt & Street was not in existence at the time the bonds were executed, and with knowledge that the subcontract was for 1.4 million dollars.
 
 
 19
 Schools and Stuckey's argument that the district court erred in failing to instruct the jury on the strict construction accorded surety agreements is similarly without merit. The obligations of a compensated surety are to be liberally construed in favor of the assured. Century Indemnity Co. v. Esso Standard Oil Co., 195 Va. 502, 512, 79 S.E.2d 625, 630 (1954); American Surety Co. v. Commonwealth, 180 Va. 97, 103-04, 21 S.E.2d 748, 751 (1942).
 
 
 20
 The court's comments to the jury concerning the liability of EMI afford Schools and Stuckey no basis for relief from the judgment. The court was merely providing the jury the context in which it was to decide the liability of Schools and Stuckey. The court prefaced the remarks with a disclaimer warning the jury that it could disregard them. Further, the comments only reflected the overwhelming evidence of EMI's default.
 
 
 21
 Finally, the district court did not err in declining to grant Schools and Stuckey's motion for a judgment notwithstanding the verdict or for a new trial. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Thornhill v. Donnkenny, Inc., 823 F.2d 782, 786-87 (4th Cir.1987); Lidner v. Durham Hosiery Mills, Inc., 761 F.2d 162, 168 (4th Cir.1985).
 
 
 22
 Finding no error, we affirm the judgment of the district court. Appellee's motion to dismiss is denied. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid our resolution of the issues presented.
 
 
 23
 AFFIRMED.