953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mazi RINEHART; Charles Rinehart, Plaintiffs-Appellants,
v.
W.K. MORGAN; W.K. Morgan, Sr., D.D.S., P.A., Defendants-Appellees.
 No. 91-1160.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1991.
Decided Jan. 10, 1992.
As Amended Feb. 12, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern, No. (CA-90-9-BO), Terrence W. Boyle, District Judge.
 Argued: Joyce Leigh Davis, Crisp, Davis, Schwentker, Page & Currin, Raleigh, N.C., for appellants; Robert S. Shields, Jr., Harris & Associates, New Bern, N.C., for appellees.
 On Brief: Thomas E. Harris, Harris & Associates, New Bern, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mazi and Charles Rinehart appeal a judgment by the District Court for the Eastern District of North Carolina entered upon a directed verdict for defendant Dr. H.K. Morgan in a diversity action brought by the Rineharts against Dr. Morgan to recover for alleged negligent failure properly to treat Mazi's periodontal disease, and seeking compensatory and punitive damages for personal injury and loss of consortium. The court held that the applicable three-year statute of limitations had run on the Rineharts' tort action and that on the uncontroverted evidence Mazi was contributorily negligent as a matter of law. Because we agree with the district court's legal conclusion of contributory negligence as a matter of law, we affirm on that basis without reaching the statute of limitations issue.
 
 
 2
 * The evidence at trial, assessed in light of the standard by which we review the directed verdict, showed the following. Dr. Morgan, a general dentist, treated Mazi from September 1978 to January 1987. When his treatment commenced, Mazi, then 25 years old, already had lost ten adult teeth.
 
 
 3
 In 1979, Dr. Morgan referred Mazi to Dr. Meadows, an oral surgeon, for a surgical procedure on the gum area surrounding her bridge. During that visit, Dr. Meadows told Mazi that she had gum disease and that she should see a periodontist. Mazi called Dr. Morgan's office to express great upset at learning about her gum disease. Dr. Morgan told Rinehart "don't be upset, we will take good care of you."
 
 
 4
 In 1981, Dr. Morgan referred Mazi to Dr. Webb, a periodontist, for another procedure on the gum area surrounding the bridge. In a September 1981 letter, Dr. Webb advised Dr. Morgan that Mazi had periodontitis in three different areas of her mouth, that she needed additional treatment, and that, as his records indicated, for financial reasons Rinehart wanted to proceed conservatively with treatment only for her less acute periodontal problems. Mazi was scheduled to see Dr. Webb on January 26, 1982, but she canceled her visit. Attempts by Dr. Webb's office to contact Mazi were unsuccessful. Mazi testified that she did not recall these attempts. She testified that when she last saw Dr. Webb, she thought that her course of treatment was complete, but she did not flatly contradict the evidence of her failure to pursue the treatment recommended by Dr. Webb.
 
 
 5
 Dr. Morgan continued to treat Mazi for general dental needs. His records reflected indications of periodontal disease found during several of Mazi's examinations between 1982 and 1986. During an appointment in January of 1987, Dr. Morgan referred Mazi to another periodontist, Dr. Best. Dr. Best diagnosed her periodontitis as advanced and recommended surgery. The evidence at trial indicated that the diseased areas in Mazi's mouth were the same as those for which Dr. Webb recommended periodontal treatment in 1981.
 
 
 6
 The Rineharts brought this diversity action alleging that Dr. Morgan was grossly negligent in failing in timely fashion to recognize and diagnose Mazi's gum disease, failing to monitor and treat the disease, and failing timely to refer her to a periodontist for general treatment of the disease. Mazi sought compensatory and punitive damages in excess of $50,000, and Charles sought damages in excess of $10,000 for loss of consortium.
 
 
 7
 As indicated, on the basis of the evidence above summarized, the district court directed a verdict for defendant on alternative contributory negligence and statute of limitations grounds. This appeal followed.
 
 II
 
 8
 A directed verdict may be granted for a party having the burden of proof on a dispositive issue where, taking the evidence in the light most favorable to the non-movant, the only reasonable inference that a jury could draw is that in favor of the movant, i.e., where as a matter of law the evidence establishes the issue in favor of the proponent of the issue. See Thornhill v. Donnkenny, Inc., 823 F.2d 782, 786 (4th Cir.1987); United States v. Grannis, 172 F.2d 507 (4th Cir.1949). We review all directed verdict rulings de novo. Miller v. Premier Corp., 608 F.2d 973, 981 n. 8 (4th Cir.1979).
 
 
 9
 This diversity action is governed by the medical malpractice law of North Carolina. Erie Railroad v. Tompkins, 304 U.S. 64, 71-72 (1938). North Carolina defines contributory negligence and the effect of its establishment as
 
 
 10
 [T]he breach of the duty of the plaintiff to exercise due care for his own safety in respect of the occurrence about which he complains, and if his failure to exercise due care for his own safety is one of the proximate contributing causes of his injury, it will bar recovery.
 
 
 11
 Holderfield v. Rummage Brothers Trucking Co., 61 S.E.2d 904, 906 (N.C.1950). We agree with the district court that the evidence here establishes contributory negligence as a matter of law.
 
 
 12
 Dr. Morgan referred Mazi to specialists on three occasions. Each referral pertained to problems Dr. Morgan identified to Mazi as related to gum condition. Mazi knew she had periodontal disease in 1979, but on at least one occasion, she failed to comply with the treatment advice of a periodontist to whom Dr. Morgan had referred her. Controlling North Carolina law does not require a person to shape her behavior by circumstances of which she is justifiably ignorant, but it does hold a plaintiff contributorily negligent if she "acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which [her] conduct involves." Clark v. Roberts, 139 S.E.2d 593, 597 (N.C.1965). Mazi indisputably failed to take the necessary steps to secure specialist care for her periodontal disease, despite the fact that she knew or should have known the seriousness of her disease and of the need for such care throughout most of the nine years she received treatment from Dr. Morgan. This constituted contributory negligence, barring recovery under North Carolina law.
 
 
 13
 Charles Rinehart's claim for loss of consortium was also rightly held barred by his spouse's contributory negligence. Restatement (Second) of Torts § 694A, comment b (1977).
 
 III
 
 14
 For the foregoing reasons, we affirm the district court's judgment.
 
 
 15
 AFFIRMED.