# United States Court of Appeals for the Federal Circuit

---

**TRUDELL MEDICAL INTERNATIONAL INC.,**
*Plaintiff-Appellant*

**v.**

**D R BURTON HEALTHCARE, LLC,**
*Defendant/Counter-Claimant-Cross-Appellant*

---

2023-1777, 2023-1779

---

Appeals from the United States District Court for the Eastern District of North Carolina in No. 4:18-cv-00009-BO, Judge Terrence William Boyle.

---

Decided: February 7, 2025

---

LAURA A. LYDIGSEN, Crowell & Moring, LLP, Chicago, IL, argued for plaintiff-appellant. Also represented by WILLIAM HARRY FRANKEL, JUDY HE, DAVID LINDNER.

ALBERT P. ALLAN, Allan Law Firm, PLLC, Charlotte, NC, argued for defendant/counter-claimant-cross-appellant. Also represented by WILLIAM ROBERT TERPENING, Terpening Law PLLC, Charlotte, NC.

---

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

Trudell Medical International Inc. (Trudell) appeals the United States District Court for the Eastern District of North Carolina's decision to allow D R Burton Healthcare, LLC (D R Burton) to present infringement testimony by Dr. John Collins at trial. Trudell also appeals the denial of a motion for judgment as a matter of law (JMOL) on infringement of claims 1–7, 9, and 18 of U.S. Patent No. 9,808,588 or, in the alternative, a new trial on infringement of claims 1–18 and 20–26 of the '588 patent (the Asserted Claims). *See Trudell Med. Int'l v. D R Burton Healthcare LLC*, No. 4:18-cv-00009, 2023 WL 2315391 (E.D.N.C. Mar. 1, 2023) (*Post-Trial Order*). We reverse the district court's admission of Dr. Collins' testimony and its denial of a new trial on infringement, and we remand the case to be reassigned.[1]

---

[1] D R Burton cross-appealed the jury's verdict that the Asserted Claims of the '588 patent were not shown to be invalid. We need not reach this issue, however, as D R Burton withdrew the cross-appeal at oral argument in light of its failure to file a renewed motion for JMOL pursuant to Federal Rule of Civil Procedure 50(b). Oral Arg. at 27:20–28:09, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1777_10092024.mp3; *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 515 F.3d 356, 369–70 (4th Cir. 2008) ("a party's failure to file a postverdict motion under Rule 50(b) leaves an appellate court without power to direct the District Court to enter judgment contrary to the one it had permitted to stand" (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006)) (internal quotation marks omitted))).

TRUDELL MEDICAL INTERNATIONAL INC. v.
D R BURTON HEALTHCARE, LLC

3

## Background

Trudell owns the '588 patent, which relates to portable devices for performing oscillatory positive expiratory pressure (OPEP) therapy. '588 patent at 1:16–18, 50–51. OPEP therapy loosens secretions from airways to improve respiration. *See id.* at 1:22–46. The three independent claims read:

1. A respiratory treatment device comprising:

an inlet configured to receive exhaled air into the device;

an outlet configured to permit air to exit the device;

an opening positioned in an exhalation flow path defined between the inlet and the outlet;

a blocking segment configured to *rotate relative to the opening* between a closed position where the flow of air through the opening is restricted, and an open position where the flow of air through the opening is less restricted; and,

*a vane* configured to rotate the blocking segment between the closed position and the open position in response to the flow of air through the opening;

wherein a size of a blocking surface of the blocking segment is equal to or greater than a size of the opening.

9. A respiratory treatment device comprising:

an inlet configured to receive exhaled air into the device;

an outlet configured to permit air to exit the device;

an opening positioned in an exhalation flow path defined between the inlet and the outlet, the opening having a *generally oblong cross-sectional shape* comprising a shorter first dimension and an

elongated second dimension perpendicular to the first dimension; and,

a blocking segment configured to *translate relative to the opening* along the shorter first dimension between a closed position where the flow of air through the opening is restricted, and an open position where the flow of air through the opening is less restricted;

wherein a size of a blocking surface of the blocking segment is equal to or greater than a size of the opening.

18. A respiratory treatment device comprising:

an inlet configured to receive exhaled air into the device;

an outlet configured to permit air to exit the device;

an opening positioned in an exhalation flow path defined between the inlet and the outlet, and,

a blocking segment configured to *translate relative to the opening* between a closed position where the flow of air through the opening is restricted, and an open position where the flow of air through the opening is less restricted;

wherein a side profile of the blocking segment is shaped to mate with a side profile of the opening, when the blocking segment is in the closed position; and,

wherein a size of a blocking surface of the blocking segment is equal to or greater than a size of the opening.

*Id.* at 12:12–26, 49–63, 13:25–14:5 (emphases added). D R Burton sells OPEP devices, including the vPEP®, vPEP® HC, iPEP®, PocketPEP®, and PocketPEP® Advantage products (collectively, the Accused Products).

On January 29, 2018, Trudell sued D R Burton for infringement of certain claims of the '588 patent. After a claim construction hearing in October 2020, the case was reassigned in January 2021 to United States District Court Judge Terrence Boyle. Judge Boyle assigned a new magistrate judge, who issued a Memorandum and Recommendation (M&R) regarding claim construction. J.A. 23–63. The district court adopted the M&R in its entirety.

On August 26, 2022, the district court amended the case schedule. At that time, fact discovery had not closed and expert discovery had not yet commenced. J.A. 1740 at 24:20–24. The district court set the close of all discovery for September 30, 2022 and set trial to start on November 7, 2022. Before the September 30 discovery deadline, Trudell submitted expert reports on infringement and damages. On October 21, 2022, D R Burton filed a seven-page declaration from Dr. Collins in support of its opposition to Trudell's motion for summary judgment on infringement. The district court denied Trudell's summary judgment motion.

Leading up to trial, Trudell filed motions in limine seeking to exclude testimony from Dr. Collins on invalidity and noninfringement and to exclude testimony from any D R Burton witnesses on claim construction. The district court did not rule on Trudell's motion in limine until the pre-trial conference on Friday, November 4, 2022. At the pre-trial conference the district court initially denied the motion in limine, J.A. 2035 at 3:1–2, then on Monday, November 7, 2022—the first day of trial—the district court reversed itself and granted the motion in limine after Trudell filed a motion for reconsideration, J.A. 2073 at 2:3–12. The district court then doubled back moments later, "reserv[ing] a ruling on [i]t until the end of plaintiff's case." J.A. 2079 at 8:25–9:2. On the third and final day of trial, after Trudell presented its case, but before lunch, the district court ruled that Dr. Collins would testify after the lunch break. J.A. 2476–77 at 36:24–37:15.

After a three-day trial, the jury returned a verdict that the Asserted Claims were valid but not infringed. Trudell filed a renewed motion for JMOL of infringement or, in the alternative, a new trial. The district court denied the motion. *Post-Trial Order* at \*1–5. Trudell appeals the district court's decision to allow Dr. Collins to provide noninfringement testimony at trial, as well as its denial of JMOL or a new trial. Trudell requests that, should this case be remanded to the district court for further proceedings, the case be reassigned to a different district court judge. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I.    Expert Testimony

We review a district court's decision to admit or exclude evidence under the law of the regional circuit. *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1284 (Fed. Cir. 2011). The Fourth Circuit reviews a district court's decision to admit expert testimony for abuse of discretion. *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 280 (4th Cir. 2021). "A district court abuses its discretion when it misapprehends or misapplies the applicable law." *Wickersham v. Ford Motor Co.*, 997 F.3d 526, 538 (4th Cir. 2021) (cleaned up).

Federal Rule of Civil Procedure 26 requires parties to identify expert testimony for use at trial, and, subject to exceptions not present here, "this disclosure must be accompanied by a written report." FED. R. CIV. P. 26(a)(2)(B). The report must contain:

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)    the facts or data considered by the witness in forming them;

> (iii)   any exhibits that will be used to summarize or support them;
>
> (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)   a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Fourth Circuit has held the following factors should be considered in determining whether a party's nondisclosure is substantially justified or harmless for purposes of Rule 37(c)(1): "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors relate primarily to the harmlessness exception, and the fifth factor relates primarily to the substantial justification exception. *Id.*

Trudell argues the district court should have excluded Dr. Collins' testimony on noninfringement because he did not timely serve an expert report on noninfringement, and failure to comply with Rule 26 was neither substantially justified nor harmless. To the extent any of the

declarations submitted by Dr. Collins are considered an expert report, Trudell argues Dr. Collins' testimony should have nonetheless been excluded under Federal Rule of Evidence 702 as unreliable and misleading.

D R Burton filed three declarations with testimony from Dr. Collins. In May 2019, D R Burton filed a declaration in support of its motion to amend its invalidity contentions. In November 2019, D R Burton filed an expert report by Dr. Collins in support of its opening claim construction brief. On October 21, 2022, D R Burton filed a seven-page declaration from Dr. Collins in support of its opposition to summary judgment of infringement.

We hold the district court abused its discretion in allowing noninfringement testimony by Dr. Collins. D R Burton did not disclose Dr. Collins' noninfringement opinion in a timely expert report, as required by Rule 26 and Fourth Circuit law. It is undisputed Dr. Collins did not submit an expert report on noninfringement during the discovery period. Dr. Collins' seven-page declaration, to the extent it could be considered an expert report, was submitted almost a month after the close of discovery on September 30, 2022. Under Rule 37, therefore, the proper result is exclusion of Dr. Collins' noninfringement testimony absent a showing that the failure to disclose was either substantially justified or harmless.

The district court did not, nor could it, explain why allowing Dr. Collins' untimely noninfringement testimony was substantially justified or harmless. In its order denying Trudell's renewed motion for JMOL, the district court "reaffirm[ed] its decision to allow Dr. Collins's testimony." *Post-Trial Order* at *4. The district court, however, provided no reasoning why D R Burton's failure to submit a timely expert report by Dr. Collins on noninfringement was substantially justified. Nor does D R Burton make a colorable substantial justification argument on appeal. D R Burton references the accelerated discovery and trial

schedule, Appellee's Response Br. 18, but after the district court amended the case schedule, D R Burton indicated it did not intend to submit a noninfringement expert report, J.A. 2031. The accelerated case schedule therefore does not provide substantial justification for D R Burton's failure to disclose.

While the district court did not expressly state that Dr. Collins' untimely testimony was harmless, the district court reasoned that large portions of Dr. Collins' testimony had been disclosed in his seven-page declaration, and the district court's decision to reserve ruling on Trudell's motion in limine provided notice that Dr. Collins might testify at trial. *Post-Trial Order* at *4. But it is undisputed that Dr. Collins' testimony constituted nearly all D R Burton's evidence of noninfringement, Oral Arg. at 24:02–20, and Trudell was afforded no opportunity to depose him on the issue because Dr. Collins' only declaration on noninfringement was served weeks after the close of discovery. While Trudell cross-examined Dr. Collins on noninfringement, "the ability to simply cross-examine an expert concerning a new opinion at trial is not the ability to cure." *S. States Rack & Fixture*, 318 F.3d at 598.

D R Burton also argues Trudell was not prejudiced by Dr. Collins' late declaration because Trudell also submitted late expert reports. Appellee's Response Br. 15, 18–19. Due to the accelerated discovery schedule, D R Burton argues, expert reports from both parties were untimely under Rule 26 and exclusion of Dr. Collins' testimony would have also resulted in exclusion of testimony from Trudell's experts. We do not agree. Trudell submitted an infringement expert report on September 20, 2022 and a damages expert report on September 29, 2022. D R Burton contends these reports were untimely under Rule 26(a)(2)(D)(i) because they were served less than ninety days before the start of trial on November 7, 2022. Appellee's Response Br. 7. Importantly, however, the ninety-day deadline expressly applies "[a]bsent a stipulation or a court order." FED. R. CIV.

P. 26(a)(2)(D). The district court's August 26, 2022 scheduling order allowed for discovery until September 30, 2022, by which time Trudell had submitted its expert reports. J.A. 1744. To the extent D R Burton argues it was harmed by Trudell's submission of its damages expert report one day before the close of discovery, this is belied by the parties' email communications indicating D R Burton expressly stated that it did not intend to conduct a deposition of this expert. J.A. 2031.

Finally, Dr. Collins' testimony exceeded the scope of his declaration. *Compare, e.g.*, J.A. 2532–33 at 92:8–13, 92:23–93:3 (Dr. Collins' trial testimony as to whether the Accused Products "translate" as required by the claims), *with* J.A. 1949–55 (Dr. Collins' declaration which lacks reference to the "translate" limitation). Even if Dr. Collins' seven-page declaration was a timely filed, fully compliant expert report, it failed to fully disclose the noninfringement testimony given at trial. To the extent the district court reasoned Dr. Collins' untimely declaration sufficed to give Trudell notice of his noninfringement testimony, significant portions of his trial testimony went beyond the bounds of the declaration.

Under these circumstances, Dr. Collins' untimely report was neither harmless nor substantially justified. Accordingly, the district court abused its discretion by failing to exclude Dr. Collins' testimony under the Federal Rules of Civil Procedure and Fourth Circuit law. *See* FED. R. CIV. P. 26(a)(2)(B), 37(c)(1); *S. States Rack & Fixture*, 318 F.3d at 597.

The district court also abused its discretion by failing to exclude Dr. Collins' testimony because—even if his noninfringement declaration is viewed as an expert report—his noninfringement declaration was unreliable under Federal Rule of Evidence 702. Rule 702 requires:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education

may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Because expert testimony "can be both powerful and quite misleading," the district court's gatekeeping function under Rule 702 is an important one. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (citation omitted); *see Sardis*, 10 F.4th at 283.

Here, Dr. Collins' noninfringement declaration was untethered from the district court's claim constructions. For example, the district court construed the term "a vane" as "a blade or plate whose primary purpose is to convert kinetic energy in the form of fluid movement into rotational movement" and noted that this construction should be understood broadly to include "one or more vanes." J.A. 38. Dr. Collins, however, opined in his declaration that the accused products do not infringe because the patent "requires more than one vane." J.A. 1953 n.1. Similarly, the district court construed the term "rotate relative to the opening" as "move a fixed body relative to the opening about a point at a fixed radius" and rejected D R Burton's argument that the term required "a full revolution." J.A. 38–42. But Dr. Collins opined in his declaration that "rotate relative to the opening" in the context of the '588 patent meant "the vanes

rotate in one direction during expiration, round and round in a circular manner," J.A. 1953 ¶ 11.[2] The methodological unsoundness of Dr. Collins' declaration provides an independent basis by which the district court abused its discretion in allowing Dr. Collins to testify at trial. Therefore we vacate the jury's finding of infringement and remand for a new trial.

## II. JUDGMENT AS A MATTER OF LAW

Trudell argues that a new trial is unnecessary because the district court erred in denying JMOL of infringement. We review denial of JMOL under the law of the regional circuit. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1343 (Fed. Cir. 2012). The Fourth Circuit reviews denial of JMOL de novo, applying the same standard as the district court. *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). JMOL is granted if, "viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 147 (4th Cir. 2008). The Fourth Circuit has acknowledged that JMOL "may not be granted lightly," and has indicated that a party seeking JMOL who also bore the burden of proof faces a particularly formidable burden. *Thornhill v. Donnkenny, Inc.*, 823 F.2d 782, 786 (4th Cir. 1987) ("The only possible basis for judgment

---

[2]    Moreover, Dr. Collins also improperly compared the accused products to the figures in the specification rather than the claim language. J.A. 2520–23 at 80:8–83:25, 2528–29 at 88:19–89:4; *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) (per curiam) ("Infringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention." (cleaned up)).

n.o.v. on the breach of contract claim is Donnkenny, Inc.'s breach of fiduciary duty defense. We are satisfied that the evidence supporting Donnkenny, Inc.'s affirmative defense was not so overwhelming that we cannot uphold the jury's rejection of that defense.") (citing 9C C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 2535 (1971)).

Trudell argues the district court erred in denying its renewed motion for JMOL of infringement. Trudell contends the only evidence of noninfringement was Dr. Collins' testimony. Had this testimony been properly excluded, Trudell argues, the jury would have lacked a sufficient evidentiary basis to find noninfringement. D R Burton argues that, even without Dr. Collins' testimony, there remains sufficient evidence to support the jury's verdict of noninfringement. Appellee's Response Br. 19–20. In addition to testimony from Dr. Collins, D R Burton presented testimony from its founder and president, Gregory Lau. *See, e.g.*, J.A. 2503–04 at 63:19–64:25. Mr. Lau testified that, after reviewing the patent, he believed Trudell's invention was a "day and night differen[ce]" from D R Burton's devices. J.A. 2503–04 at 63:19–64:4. D R Burton contends this evidence supports a finding of noninfringement.

Though we agree with Trudell that, without Dr. Collins' testimony, D R Burton is left with minimal evidence of noninfringement, the jury was free to discredit the testimony of Trudell's expert, Dr. Durgin, and find that Trudell failed to meet its affirmative burden to prove infringement. For example, D R Burton's cross-examination of Dr. Durgin challenged his infringement testimony particularly regarding the "generally oblong cross-sectional shape" limitation. J.A. 2365–66 at 142:8–143:1. Credibility determinations are within the sole province of the jury, and we do not reweigh the evidence presented at trial. *United States Sec. & Exch. Comm'n v. Clark*, 60 F.4th 807, 812 (4th Cir. 2023). We hold that Trudell has not established entitlement to

JMOL of infringement and therefore affirm the district court's denial of Trudell's JMOL motion.

### III. NEW TRIAL

We review a district court's denial of a motion for a new trial under the law of the regional circuit. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 975 (Fed. Cir. 2022). The Fourth Circuit reviews such denials for abuse of discretion. *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003). A new trial is warranted if the verdict is against the clear weight of the evidence; is based upon evidence which is false; or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014).

Trudell argues the district court abused its discretion in denying the motion for a new trial on infringement because the verdict is against the clear weight of the evidence and resulted in a miscarriage of justice. We agree.

The harmful and prejudicial admission of Dr. Collins' testimony warrants a new trial on infringement. The district court abused its discretion in admitting Dr. Collins' noninfringement testimony because it was untimely, failed to comply with Federal Rule of Civil Procedure 26, and was unreliable under Federal Rule of Evidence 702. We vacate the district court's denial of the motion and remand for a new trial.

On remand, the record should be confined to evidence already produced and admitted, with exclusion of Dr. Collins' noninfringement testimony. At this juncture, it would be improper to reopen discovery where D R Burton previously indicated to Trudell that it did not intend to produce additional expert reports or depose Trudell's experts. *See* J.A. 2031. Under these circumstances, D R Burton should not now be permitted to cure its failure to comply with the disclosure requirements of Rule 26.

## IV. REASSIGNMENT

We evaluate a request to reassign a matter to a different judge on remand under the law of the regional circuit. *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1343 (Fed. Cir. 2010). Fourth Circuit law provides for reassignment where "both for the judge's sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality." *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 726 (4th Cir. 2016) (quoting *United States v. Guglielmi*, 929 F.2d 1001, 1007 (4th Cir. 1991)), *vacated on other grounds by* 580 U.S. 1168 (2017). In determining whether reassignment is warranted, the Fourth Circuit considers: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.*

Trudell argues that reassignment to a different trial judge is appropriate and necessary on remand. Trudell points out that this case is particularly analogous to a Fourth Circuit case, *Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118 (4th Cir. 2019), in which the court ordered reassignment to a different district court judge on remand. Indeed, the same judge presided over both this trial and the initial trial in *Beach Mart*. Trudell argues that, in this case, the district court judge made objectionable statements similar to those on which the Fourth Circuit based its reassignment decision. Several such statements in this case include:

"And I'm going to settle this case or resolve it or dismiss it by September 30th.  Just – that's a heads up."  J.A. 1719 at 3:15–17.

"How about if I try the first case in early September and forget about your mediation."  J.A. 1722–23 at 6:25–7:1.

"[O]ur duty is to get this case done.  And if you can't get it done, then I will.  You can get it done by settling it.  I can get it done by having a verdict in it."  J.A. 2052 at 20:14–16.

We agree with Trudell that the statements of the trial judge in this case are so similar to those in *Beach Mart*, undermining the appearance of justice and fairness, and we see no reason to decide this case differently.  *See* 784 F. App'x at 130.  This case is unique in that, as in *Beach Mart*, from the moment this case fell in his lap, the trial judge's statements indicate that he did not intend to manage a fair trial with respect to the issues in this case.  *See, e.g.*, J.A. 1722 at 6:1–3 ("But I have to report this case by September 30th and I'm going to get it off my report.  That's the problem you have.  Did you know that?").  Likewise, the trial judge's statements at trial in the presence of the jury "undermin[ed] the appearance of fairness," 784 F. App'x at 130.  *See, e.g.*, J.A. 2305 at 82:1–8 ("The jury's just being tolerant of this, and it's painful.  My gosh.  I should have put time limits . . . .  I don't think they understand they have to get through this case."); J.A. 2356 at 133:3–6 ("THE COURT:  You [Trudell's counsel] can't do anything quickly.  What do you [the jury] want, do you want to hear this stuff or do you want it kept moving along in the case?  SOME JURORS:  Move along.").  As in *Beach Mart*, given the strength of his statements, there is sufficient reason to believe that the trial judge's conviction to quickly terminate the case will be no different on remand.  Finally, as in *Beach Mart*, reassignment would not result in undue delay

or wasted judicial resources, as the trial judge presided over this case for only one of the four years of this litigation. 784 F. App'x at 130.  For these reasons, we remand the case for trial before a different district court judge.[3]

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive.  For the foregoing reasons, we reverse the district court's decision admitting Dr. Collins' noninfringement testimony and its denial of Trudell's motion for a new trial on infringement.  We affirm the district court's denial of Trudell's motion for JMOL of infringement.  We remand for a new trial on infringement consistent with this decision.

## AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED

## COSTS

Costs to Trudell.

---

[3]    At oral argument, D R Burton indicated a related case before the same trial judge is stayed pending the outcome of this appeal.  Oral Arg. at 26:09–37.  Judicial efficiency usually counsels consolidation of related cases with a single judge.  As the stayed case is not before us, we have no power to order reassignment of that case.